# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | | |
|---|---|---|
| STACEY D. LOVELESS, | ) ) | |
| Plaintiff, | ) ) | 2:09-cv-00830-JWS |
| vs. | ) ) | ORDER AND OPINION |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | ) ) ) ) | [Re: Motion at Docket 20] |
| Defendant. | ) ) ) | |

## I. MOTION PRESENTED

At docket 17, plaintiff Stacey D. Loveless filed her opening brief seeking judicial review of the final decision of ALJ Ronald C. Dickinson dated August 25, 2007, which she claims was not supported by substantial evidence and/or was erroneous as a matter of law and regulation.

At docket 20, Commissioner Michael Astrue concedes the ALJ's decision was not supported by substantial evidence, and moves to remand the matter pursuant to sentence four of 42 U.S.C. § 405(g). The Commissioner requests that a different ALJ be directed to give further consideration to plaintiff's treating physician and examining sources pursuant to 20 C.F.R. § 404.1527 and Social Security Rulings ("SSR") 96-2p

and 96-5p, and explain the weight given to such opinion evidence. The Commissioner also requests that the new ALJ reevaluate plaintiff's subject complaints and provide rationale in accordance with the disability regulations pertaining to evaluation of symptoms.[1] The Commissioner also asks that the new ALJ give additional consideration to Loveless' maximum residual functional capacity ("RFC") and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations pursuant to 20 C.F.R. § 404.1545 and SSRs 85-16 and 96-8p. Finally, the Commissioner asks that the ALJ address Loveless' request for additional information from psychologist Dr. Marcel Van Eerd.

At docket 22, Loveless responds to the Commissioner's motion. Loveless agrees with the Commissioner's assessment that the matter should be remanded, but argues that the court should provide specific instructions to the new ALJ (1) to contact Dr. Van Eerd and instruct him to submit three graphic profile sheets prepared from his administration of the Minnesota Multiphasic Personality Inventory ("MMPI"), as well as an unedited copy of his narrative report for rescoring by a psychologist of Loveless' choosing; (2) to disregard Dr. Van Eerd's in the event he is unable to produce the items listed above; and (3) to accept as true Loveless' testimony about the severity of and functional limitations from her primary medical conditions of fibromyalgia and depression.

Oral argument was not requested and would not assist the court.

---

[1] 20 C.F.R. § 404.1529; SSR 96-7p.

## II. BACKGROUND

This dispute arises from the Commissioner's denial of Loveless' application for disability benefits. In October 2003, Loveless filed an application for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.*, alleging disability beginning in May 2003. Her application was denied initially, on reconsideration, and after a hearing by an ALJ. In January 2007, the Appeals Council granted Loveless' request for review of the ALJ's decision, and remanded the matter. After a second hearing, the ALJ again issued an unfavorable decision finding that Loveless was not disabled under the Act. The Appeals Council denied Loveless' request for review in February 2009, and the ALJ's second decision became final.[2] Loveless sought judicial review in this court.

After review of Loveless' claim, the Commissioner concluded that remand for additional review was appropriate, and Loveless agreed not to seek remand for payment of benefits. The Commissioner has submitted the following proposed order:

> IT IS ORDERED that, on remand, a different ALJ will be directed to give further consideration to the opinions of Plaintiff's treating physician, Dr. Norman, and examining sources, Dr. Storie and Dr. Van Eerd, pursuant to the provisions of 20 C.F.R. § 404.1527 and Social Security Rulings (SSR) 96-2p and 96-5p, and explain the weight given to such opinion evidence. The ALJ will also evaluate the Plaintiff's subjective complaints and provide rationale in accordance with the disability regulations pertaining to evaluation of symptoms. *See* 20 C.F.R. § 404.1529; SSR 96-7p. Further, he will give additional consideration to the claimant's maximum residual functional capacity (RFC) and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations. *See* 20 C.F.R. § 404.1545; SSRs

---

[2]20 C.F.R. § 404.981.

85-16 and 96-8p. Finally, the ALJ will address Plaintiff's request for additional information from Dr. Van Eerd.[3]

The parties generally agree on the terms of the remand order with the exception of two issues.

First, the parties appear to agree that some additional thought ought to be given to the conclusions of Dr. Van Eerd, but disagree regarding the scope of the instructions to the ALJ - the Commissioner asks this court to order the ALJ to consider Loveless' claim for additional documentation,[4] while Loveless asks the court to order Dr. Van Eerd to produce his supporting documentation.[5] Second, the parties disagree on whether the court should credit as true Loveless' testimony in the earlier proceeding. The Commissioner argues that the credit-as-true rule (the "Rule"), which requires the Commissioner to "accept, as a matter of law, a claimant's subjective pain testimony if the ALJ fails to articulate sufficient reasons for refusing to credit it,"[6] is discretionary and should not be applied where, as here, the case must be remanded for further proceedings, and not for an immediate finding of disability.[7] Loveless counters that where, as here, a claim "has been pending for an inordinately lengthy period of time,"[8]

---

[3]Docket 20-1.

[4]Docket 20 at 1-2.

[5]Docket 22 at 3-4.

[6]Docket 21 (quoting *Vasquez v. Astrue*, 572 F.3d 586, 593 (9th Cir. 2009)).

[7]Docket 21 (citing *Vasquez*, 572 F.3d at 601 (Hawkins, J., concurring)).

[8]Docket 22 at 5.

the court should exercise that discretion and order the ALJ to credit Loveless' testimony as true.

### III.  DISCUSSION

**A. Dr. Van Eerd's Narrative Report**

Loveless first argues that the Commissioner's proposed order "does nothing to assure that the new ALJ will take any substantive action in furtherance of plaintiff's nearly 3-year-old request for supplemental documentation Dr. Van Eerd should have had, when he performed the examination, but may not have any longer."[9]  The Commissioner did not address this argument, but included directions in his proposed order to "address Plaintiff's request for additional information from Dr. Van Eerd"[10] on remand.  While the court understands Loveless' concern that there is no guarantee that the ALJ on remand will order Dr. Van Eerd to provide the additional documentation or, if he fails to produce those materials, disregard his narrative report and conclusions, Loveless has presented no persuasive reason why the court must compel the ALJ to act.  It bears emphasis that the Commissioner's proposal included directions to "give further consideration to the opinions of Plaintiff's treating physician, Dr. Norman, and examining sources, Dr. Storie and Dr. Van Eerd," which will ensure a close look at the medical evidence supporting Loveless' claim.[11]  Therefore, the court concludes that the

---

[9]Docket 22 at 3.

[10]Docket 20-1.

[11]*Id.*

Commissioner's proposed instruction to address Loveless' requests for additional information from Dr. Van Eerd, in connection with the additional instruction to further consider Dr. Van Eerd's opinion, is sufficient to protect Loveless on remand.

## B. The Credit-As-True Rule

Loveless' principal objection to the proposed order is that it does not credit as true her hearing testimony. As the Ninth Circuit held in *Varney v. Secretary of Health and Human Services* (*"Varney II"*), the Rule requires the Commissioner to "accept, as a matter of law, a claimant's subjective pain testimony if the ALJ fails to articulate sufficient reasons for refusing to credit it . . . where there are no outstanding issues that must be resolved before a proper disability determination can be made, and where it is clear from the administrative record that the ALJ would be required to award benefits if the claimant's excess pain testimony were credited."[12] Some authority even holds that the Rule may be applied "even where application of the rule would not result in the immediate payment of benefits."[13] One example - from the Ninth Circuit's opinion in *Hammock v. Bowen* - is where a "claimant [i]s of advanced age and ha[s] already experienced a severe delay in her application."[14] However, as the court recently indicated in *Vasquez v. Astrue*, the Ninth Circuit has not yet settled whether application of the Rule in either of these circumstances is mandatory or discretionary.[15]

---

[12] *Varney v. Sec. of Health and Human Servs.*, 859 F.2d 1396, 1398-99, 1401 (9th Cir. 1988)).

[13] *Vasquez*, 572 F.3d at 593.

[14] *Id.* (citing *Hammock v. Bowen*, 879 F.2d 498, 503 (9th Cir. 1989)).

[15] *Vasquez*, 572 F.3d at 593 (citing cases).

This court believes application of the Rule should be discretionary, for a mandatory rule would be inadequate to take into account the myriad circumstances that may be presented in a large number of cases. Because there are other outstanding issues that must be resolved before a proper disability determination can be made and it is not clear from the administrative record that the ALJ would be required to award benefits if the claimant's excess pain testimony were credited, the Rule as articulated in *Varney II* does not apply. Moreover, because Loveless is not of an advanced age (she is 40 years old), and her application has not been pending for an extraordinarily lengthy period of time (by Social Security standards), there is no reason to credit as true Loveless' testimony under *Hammock*.[16] *Vasquez*, which applied the Rule articulated in *Hammock*, does not apply for the same reason.[17] Moreover, both *Vasquez* and *Hammock* are distinguishable on the ground that the courts in those cases found the testimony of the claimants' treating physicians credible.[18] Here, the ALJ specifically found that Loveless' treating physician, Dr. Howard Norman, merely "adopted [Loveless'] subjective allegations . . . as his own."[19] In addition, the ALJ concluded that Dr. Norman's medical source statement was nothing more than a copy of an earlier statement prepared by Lea Way, CNFP, whose opinion is entitled to no more weight

---

[16]*Hammock*, 879 F.3d at 503.

[17]*Vasquez*, 572 F.3d at 594.

[18]*See id.* at 591 ("Complaints of ongoing, unrelieved pain were also recorded by her physicians and incorporated in Vasquez's medical reports.") and *Hammock*, 879 F.3d at 503 ("In addition, in this case, the treating physician supported the claimant's testimony concerning pain.").

[19]Administrative Record ("AR") at 28.

than that of a lay witness.[20] As a result, the ALJ's credibility determination could only have been based on the report of Dr. Van Eerd and Loveless' testimony.

Specifically, the ALJ referred to Dr. Van Eerd's report that Loveless "initially presented as resistant and apparently avoidant of tasks and test process" and that the MMPI showed that Loveless was inclined to "exaggerate symptoms with resistant approach to test process."[21] Loveless argues that the Commissioner's claim omits Dr. Van Eerd's following remark that Loveless "later appeared to become more involved and appeared to provide increased effort on some tasks."[22] Furthermore, Loveless claims that Dr. Van Eerd's report "never suggest[s] that Plaintiff was deliberately exaggerating her symptoms or malingering, but instead associated maladaptive behavior with psychological disorders, low energy, and pain."[23] The court has reviewed the ALJ's findings with respect to Loveless' credibility, and concludes that the ALJ provided sufficient analysis of Dr. Van Eerd's report and pointed to a sufficient amount of record evidence indicating that Loveless was resistant, avoidant, and had an "inclination to highlight symptoms and somatic complaints."[24] Accordingly, even if *Varney*, *Hammock*, or *Vasquez* applied, which they do not, the ALJ provided sufficient reasons for discrediting Loveless' testimony.

---

[20]*Id.*

[21]AR at 460-62.

[22]Docket 22 at 7 (quoting AR at 460).

[23]Docket 22 at 8; *see also* AR at 464.

[24]AR at 464.

## IV.  CONCLUSION

For the reasons set out above, the Commissioner's motion for remand at docket 20 is **GRANTED**.  On remand, the new ALJ is directed to:

(1) give further consideration to the opinions of Plaintiff's treating physician, Dr. Norman, and examining sources, Dr. Storie and Dr. Van Eerd, pursuant to the provisions of 20 C.F.R. § 404.1527 and Social Security Rulings (SSR) 96-2p and 96-5p, and explain the weight given to such opinion evidence;

(2) evaluate the Plaintiff's subjective complaints and provide a rationale in accordance with the disability regulations pertaining to evaluation of symptoms. *See* 20 C.F.R. § 404.1529; SSR 96-7p;

(3) give additional consideration to the claimant's maximum residual functional capacity (RFC) and provide an appropriate rationale with specific references to evidence of record in support of the assessed limitations. See 20 C.F.R. § 404.1545; SSRs 85-16 and 96-8p; and

(4) address Plaintiff's request for additional information from Dr. Van Eerd.

**IT IS SO ORDERED**.

DATED this 9th day of July 2010.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE