UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| STACY D. LOVELESS, | ) | |
| | ) | |
| Plaintiff, | ) | 2:09-cv-00830 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| MICHAEL J. ASTRUE, | ) | [Re: Motion at Docket 25] |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I.  MOTION PRESENTED

At docket 25, plaintiff Stacy D. Loveless moves for an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA").[1]  Defendant, Commissioner of the Social Security Administration Michael J. Astrue ("Commissioner"), does not object to an award of attorney's fees, but opposes the amount of the award at docket 26.  No reply was filed.  Oral argument was not requested and would not assist the court.

## II.  BACKGROUND

This suit arose out of the Commissioner's denial of Loveless' application for disability benefits.  Loveless sought judicial review of the final decision of the

---

[1]28 U.S.C. § 2412.

administrative law judge, alleging that the decision was not supported by substantial evidence and was erroneous as a matter of law.  The Commissioner agreed that the decision was not supported by substantial evidence and moved to remand.  This court remanded for further administrative proceedings.

### III.  STANDARD OF REVIEW

Under the EAJA "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."[2]  "[A]ttorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."[3]  The "EAJA provides for an upward adjustment of the $125 rate contained in the statute, based on cost-of-living increases."[4]  "Appropriate cost-of-living increases are calculated by multiplying the $125 statutory rate by the annual average consumer price index figure for all urban consumers ("CPI-U") for the years in which counsel's work was performed, and then dividing by the CPI-U figure for March 1996, the effective date of EAJA's $125 statutory rate."[5]

---

[2] *Id.* § 2412(d)(1)(A).

[3] *Id.* § 2412(d)(2)(A)(ii).

[4] *Thangaraja v. Gonzales*, 428 F.3d 870, 876 (9th Cir. 2005) (citing 28 U.S.C. § 2412(d)(2)(A)).

[5] *Id.* at 877.

## IV.  DISCUSSION

Plaintiff seeks an award of $6,300 for 28 hours of work at $225 per hour. Because the Commissioner does not dispute entitlement to fees, the only issues before the court are (1) whether Loveless is entitled to enhancement of fees beyond the statutory rate (as adjusted for cost-of-living) and (2) whether fees should be awarded for all hours billed by plaintiff's counsel.

### A. Enhancement for Limited Availability of Qualified Attorneys

Plaintiff seeks an award of fees in excess of the adjusted statutory maximum.[6] The Commissioner argues that plaintiff has not met her burden of establishing entitlement to higher fees.[7]  Specifically, the Commissioner maintains that plaintiff has not demonstrated a limited availability of qualified attorneys for the proceedings involved.  "Enhanced hourly rates based on the special factor of the limited availability of qualified attorneys . . . may be awarded where the attorneys possess distinctive knowledge and specialized skill that was needful to the litigation in question and not available elsewhere at the statutory rate."[8]

#### 1. Distinctive Knowledge

The Commissioner argues that "[e]very Court of Appeal that has directly addressed the issue . . . has held that routine disability law is not a specialized area of

---

[6] *See* Statutory Maximum Rates Under the Equal Access to Justice Act, http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited Nov. 16, 2010, copy attached).

[7] *See Natural Res. Def. Council v. Winter*, 543 F.3d 1152, 1161 (9th Cir. 2008).

[8] *Nadarajah v. Holder*, 569 F.3d 906, 912 (9th Cir. 2009) (internal quotations omitted).

the law so as to warrant an enhanced rate."[9]  The Commissioner's argument is without merit.  In *Pirus v. Bowen*,[10] the Ninth Circuit held that social security law was an adequate area of specialization. The Commissioner's attempt to distinguish *Pirus* on the ground that it involved more complex issues is not persuasive.[11]

### 2. Needful to the Litigation

The Commissioner also argues that distinctive knowledge was not necessary in the present case.  Loveless appealed the Commissioner's denial of her application for social security benefits.  Her case clearly involved social security law.  The court concludes that distinctive knowledge of the Social Security Act and specialized skill in social security law was needful to the litigation.

### 3. Availability at the Statutory Rate

The last issue pertaining to entitlement is whether such specialized skill was available elsewhere at the statutory rate.  To meet her burden, Loveless "must show that the skills required are not available elsewhere at the statutory rate; a mere absence of evidence to the contrary is insufficient."[12]  Loveless has made only a slight attempt at this showing.  Loveless argues that enhancement is appropriate based on "the still limited availability of qualified attorneys representing Social Security claimants in . . . the

---

[9]Doc. 26 at 3.

[10]869 F.2d 536, 541 (9th Cir. 1989).

[11]*See Winter*, 543 F.3d at 1159 ("[I]n *Prius*, we affirmed an award of enhanced fees to attorneys who had developed a social security practice specialty.").

[12]*Id.* at 1162.

District of Arizona."[13]  Loveless then directs the court's attention to several previous cases in which her counsel was awarded enhanced fees pursuant to the EAJA.[14]  While the court recognizes that enhanced fees have previously been awarded to plaintiff's counsel in this district, it is unable to make a similar determination based on a conclusory statement to the effect that nothing has changed since those fees were awarded.  Plaintiff has not carried her burden of demonstrating that comparable skill and knowledge is unavailable at the statutory rate.

**B. Hours Claimed By Plaintiff's Counsel**

The Commissioner argues that fees should not be awarded for "9.4 hours that [plaintiff's] attorney spent drafting a reply brief objecting to the Commissioner's motion to remand which was ultimately unsuccessful."[15]  The Commissioner cites non-binding authority from other districts in support of his position that "special circumstances under the EAJA exist in cases where the plaintiff unreasonably rejects the Government's offer to remand the case and a remand is the court's ultimate remedy."[16]

Plaintiff, however, did not oppose a remand.  Plaintiff, through her counsel, argued for favorable instructions on remand.[17]  Therefore, even if the court were to adopt the Commissioner's position, plaintiff neither rejected the Government's offer to remand, nor was her opposition unreasonable.

---

[13]Doc. 25 at 7.

[14]*See id.* at 14–23.

[15]Doc. 26 at 7.

[16]*McKay v. Barnhart*, 327 F. Supp. 2d 263, 268 (S.D.N.Y. 2004).

[17]Doc. 22.

## V.  CONCLUSION

For the foregoing reasons, plaintiff's motion at docket 25 for an award of attorney's fees is **GRANTED** as follows: defendant shall pay the sum of $4,880.32, reflecting 4 hours of work at the 2009 adjusted statutory maximum of $172.24 and 24 hours of work at the 2010 adjusted statutory maximum of $174.64. Payment shall be made within 30 days of this order.

DATED this 16th day of November 2010.


/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE



UNITED STATES COURT OF APPEALS
for the NINTH CIRCUIT

[Search]

Chief Judge Alex Kozinski  •  Cathy A. Catterson, Circuit & Court of Appeals Executive  •  Molly C. Dwyer, Clerk of Court

Home        About the Court        Attorneys        News Media        Employment

**Electronic Filing - ECF**

**Opinions**

**Calendar**

**Case Information**

**FAQs, Forms and
Instructions**

**Rules**

**Audio and Video**

**RSS Feeds**

**Clerk's Office**

**Mediation**

**Appellate Commissioner**

[Get ADOBE READER]

### Statutory Maximum Rates Under the Equal Access to Justice Act

Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (d)(2)(A), Thangaraja v. Gonzales, 428 F.3d 870, 876-77 (9th Cir. 2005), and Ninth Circuit Rule 39-1.6, the applicable statutory maximum hourly rates under EAJA, adjusted for increases in the cost of living, are as follows:

For work performed in:

2010 (First Half Year):  $174.64

2009:  $172.24

2008:  $172.85

2007:  $166.46

2006:  $161.85

2005:  $156.79

2004:  $151.65

2003:  $147.72

2002:  $144.43

2001:  $142.18

Site Map   |   Intranet (Judiciary Only)   |   Seminar Disclosures   |   Judicial Misconduct   |   Suggestions