UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| STACEY D. LOVELESS, ) | |
| Plaintiff, ) | 2:09-cv-00830 JWS |
| vs. ) | ORDER AND OPINION |
| MICHAEL J. ASTRUE, ) | [Re: Motion at Docket 31] |
| Defendant. ) | |

## I.  MOTION PRESENTED

At docket 31, plaintiff's counsel petitions pursuant to 42 U.S.C. § 406(b) for approval of attorney's fees.  The Commissioner responds at docket 32.  Plaintiff's counsel filed documents supporting the motion at dockets 33 and 35.

## II.  STANDARD OF REVIEW

Section 406(b) of Title 42 provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which

the claimant is entitled by reason of such judgment."[1] Section 406(b) "does not displace contingent-fee agreements . . . [r]ather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."[2] "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."[3]

When fees have already been awarded to a prevailing claimant pursuant to the Equal Access to Justice Act ("EAJA"),[4] the claimant's attorney must refund the smaller fee.[5] The "EAJA award [therefore] offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits."[6]

"A fee resulting from a contingent-fee agreement is unreasonable, and thus subject to reduction by the court, if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the benefits are large in comparison to the amount of time counsel spent on the case."[7] "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order."[8]

---

[1] 42 U.S.C. § 406(b).

[2] *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

[3] *Id.*

[4] 94 Stat. 2329, as amended, 28 U.S.C. § 2412.

[5] *Gisbrecht* 535 U.S. at 797.

[6] *Id.*

[7] *Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009).

[8] *Gisbrecht*, 535 U.S. at 808.

### III.  DISCUSSION

**A. The Contingent-Fee Agreement**

"Courts must approach § 406(b) fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness."[9] Loveless agreed that counsel should be paid 25 percent of all back benefits "unless the SSA or a court decides he should be paid less."[10] On remand, Loveless was awarded $165,429.00 in past-due benefits.[11] Twenty-five percent of that amount is $41,457.25.

**B. Reasonableness**

Loveless' counsel requests a total award of $26,119.68.  That figure reflects counsel's request for $31,000 pursuant to § 406(b), offset by the $4,880.32 previously awarded under the EAJA.[12] Plaintiff's counsel has provided records indicating that he spent 29.7 hours on plaintiff's case.  His requested award of $31,000 therefore represents an hourly rate of $1,043.77.  The court concludes that such an award is excessive and therefore unreasonable.

Under ordinary circumstances, the court would give nearly conclusive weight to the prevailing rate in the relevant market.  Under these circumstances, however, such an estimate would not give adequate consideration to the risk that plaintiff's counsel took in undertaking the contingent fee arrangement.  The court concludes that an award of $20,000 is appropriate.  Although $20,000 represents a high hourly rate–almost $700–it accounts for the risk that plaintiff's counsel took, counsel's experience in the field, and the favorable disposition of plaintiff's claim.  After refund of the $4,880.32 EAJA award, counsel's fee recovery would total $15,119.68.

---

[9] *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002)).

[10] Doc. 35 at 1.

[11] Doc. 33-1 at 3.

[12] *See* doc. 29.

### IV. CONCLUSION

For the reasons above, counsel's petition for approval of fees is **GRANTED** as follows: counsel's fees are approved in the amount of $20,000. Counsel shall refund to plaintiff $4,880.32, the amount of the EAJA award, from the approved $20,000 award.

DATED this 10th day of April 2012.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE